AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*August 21, 2020*

David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br>Julio GONZALEZ,<br>Jose Ricardo LOPEZ-Rodriguez AKA Mario GARCIA, and Eric PENA-Briones<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  **4:20mj1533**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 20, 2020__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 841(a)(1), 841(a)(1)(B)(ii), and 846 | Conspiracy to possess with the intent to distribute a controlled substance, to wit: 500 grams or more of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See "Affidavit."

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jose Pulido, TFO
*Printed name and title*

Telephonically sworn to before me and signed.

Date: __08/21/2020__

_____
*Judge's signature*

City and state: __Houston, Texas__   Sam Sheldon, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your affiant, Task Force Officer Jose Pulido, being duly sworn, deposes and states the following:

1. I, Jose Pulido, am a Harris County Sheriff's Officer. I am assigned as a Task Force Officer (TFO) to the United States Drug Enforcement Administration (DEA), Department of Justice, Houston, Texas. I have been a Harris County Sheriff's Officer for the last 7 years and have been assigned as a TFO assigned to DEA since July of 2019. Through formal law enforcement training and experience, I have investigated numerous complex historical international and domestic drug trafficking cases and have become very familiar with the methods and means by which Drug Trafficking Organizations (DTO) smuggle narcotics into the United States and how they return the proceeds of narcotics sales back to their heads of organization.

2. This affidavit is made for the limited purpose of establishing probable cause in support of a criminal complaint alleging that Jose Ricardo **LOPEZ-Rodriguez** AKA Mario GARCIA, Eric **PENA-Briones**, and Julio **GONZALEZ** attempted or conspired with others to possess with the intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), and 846. I base the information outlined in this affidavit on personal observations and knowledge, information related to me by other sworn agents, law enforcement officers, a Confidential Source, and my training and experience in the investigation of narcotics trafficking.

3. In August of 2020, a DEA Confidential Source (hereafter CS) informed DEA that he/she had been in contact with an unidentified individual, known as "COCHO" who wanted to purchase kilogram quantities of cocaine. Your affiant is currently the controlling officer for the CS and

1

has debriefed the CS on numerous occasions. The CS has proven himself/herself to be a reliable, trustworthy source whose information has been independently corroborated.

4. On August 5, 2020, the CS, under surveillance of DEA, met with "COCHO" in Houston, Texas for the purpose of finalizing negotiations for the delivery of cocaine. Agents and officers on surveillance observed "COCHO" to drive a red Chevrolet Trailblazer bearing Texas temporary tag 81355A3. The two agreed to meet in the coming days to complete a transaction for approximately four kilograms of cocaine at an agreed upon price of $27,000 per kilogram.

5. On August 13, 2020, the CS agreed to provide kilograms of cocaine to "COCHO" in Houston, Texas as agreed upon on August 5, 2020. On that date, the CS traveled to 10516 Katy Freeway, Houston, Texas. Phone negotiations on that date revealed the deal would not happen. The CS agreed to call "COCHO" on a later date to attempt to complete the transaction.

6. During the week of August 17, 2020, the CS and "COCHO," later identified as **Jose Ricardo LOPEZ-Rodriguez AKA Mario GARCIA**, had several conversations wherein they again agreed to meet in Houston, Texas to conduct a four-kilogram cocaine transaction. On August 20, 2020, agents and officers established surveillance at 10516 Katy Freeway, Houston, Texas. At approximately 8:00 PM, agents and officers observed the red Chevrolet Trailblazer bearing Texas temporary tag 81355A3 arrive at the location and park next to the CS' vehicle. Agents then observed **LOPEZ-Rodriguez** exit the vehicle and meet with the CS. At approximately 8:04 PM, agents observed a gray Chevrolet pickup bearing Texas Radio Operator license plate K5BVR arrive and park near the CS' vehicle. Agents observed two Hispanic males, later identified as Eric **PENA-Briones** and Julio **GONZALEZ**, exit the vehicle and meet with the CS and **LOPEZ-Rodriguez**. Agents observed **GONZALEZ** exit the vehicle with a backpack. During the meeting between the CS, **PENA-Briones**, and **LOPEZ-Rodriguez**, **GONZALEZ** opened the

backpack and showed the CS a large amount of US currency. At that time, the CS placed a telephone call to your affiant, acting in an undercover capacity, and stated he/she had inspected the US currency and was satisfied the individuals had enough to purchase the cocaine. At approximately 8:08 PM, your affiant, acting in an undercover capacity, arrived at the location and provided an open box containing four kilogram shaped bricks of sham, or false, drugs to Eric **PENA-Briones**. **PENA-Briones** then placed the sham drugs on the driver's seat of the red Chevrolet Trailblazer.

7. At that time, agents and officers, clearly marked as police, arrived at the location and took all of the subjects into custody. During the arrest, Julio **GONZALEZ** was wearing a backpack that contained an as yet undetermined amount of US currency. **GONZALEZ** failed to follow the commands of agents and attempted to walk away. After being confronted by numerous agents and officers, he turned back towards agents holding a large knife, which he then threw on the ground. After being arrested, a search of his person revealed he was in possession of a plastic baggie containing a small amount of cocaine and a Taurus Ultra-Lite .38 Special revolver fully loaded. A search of the Trailblazer resulted in the discovery of the four kilograms of sham cocaine. A search of the Chevrolet pickup revealed the presence of **PENA-Briones'** spouse and three minor children. A further search of the vehicle resulted in the discovery of a Springfield XD-9 pistol with a loaded magazine inserted. All subjects and evidence were transported to the Houston DEA office for processing.

8. During arrest, and afterwards while being questioned on biographical information, **LOPEZ-Rodriguez** identified himself as Mario GARCIA. A subsequent fingerprint identification provided his true name, Jose Ricardo **LOPEZ-Rodriguez**. Similarly, Julio **GONZALEZ** was identified by fingerprints, confirming his identity. **PENA-Briones** did not possess a valid

identification and was identified by his name and date of birth, which were confirmed by his wife who was on the scene.

9. Based on the foregoing, I respectfully submit that probable cause exists to believe that Julio GONZALEZ, Jose Ricardo LOPEZ-Rodriguez AKA Mario GARCIA, and Eric PENA-Briones committed a violation of Title 21 U.S.C. Section 846, specifically, that they attempted or conspired to possess with the intent to distribute a controlled substance, to wit: 500 grams or more of cocaine, a Schedule II controlled substance.

Jose Pulido
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed telephonically to me on the 21st day of August, 2020, and I hereby find probable cause.

United States Magistrate Judge
Southern District of Texas

4